## PARRETT et v EWING

Ohio Appeals, 2nd Dist, Franklin Co

No 2492.  Decided March 30, 1935

D. T. Keating, Columbus, for plaintiff in error, Armstrong.

Carl W. Loritz, Columbus, for Olin J. Parrett and David A. Peiros, Admr. of the estate of A. B. McCoy.

Henderson, Burr, Randall & Porter, Columbus, for defendant in error.

### OPINION

**By KUNKLE, PJ.**

We shall not attempt to discuss either the testimony or the authorities in detail. We will merely announce the conclusion at which we have arrived after a consideration of the briefs of counsel.

In brief, the defendants claim the right to a judgment in their favor upon the theory that the record discloses that the plaintiff's decedent was guilty of contributory negligence as a matter of law. This claim is based upon the ground that it was the duty of the plaintiff's decedent to caution Armstrong, the driver of the automobile in question, against his manner of driving the said automobile.

Our consideration of the record satisfies us that the trial court would not have been justified in so holding.

Among the many authorities which might be cited in support of the conclusion at which we have arrived is the case of **Ward v Barringer, 123 Oh St, 565.**

The second paragraph of the syllabus is as follows:

"2. Knowledge by the passenger of reckless driving or violation of law by the truck owner does not ipso facto deprive him from recovering, if the passenger used the degree of care that ordinary prudent men use under like or similar circumstances."

The determination of the question as to whether the plaintiff's decedent did use the degree of care that ordinarily prudent persons would use under like or similar circumstances is a question for the jury rather than the court.

We think the question as to whether the decedent was guilty of contributory negligence was a question for the jury to consider under all the evidence submitted and under the instructions of the trial court in its charge. Our consideration of this record satisfies us that the trial court would not have been warranted in holding that the

guest, namely, the plaintiff's decedent, was guilty of contributory negligence as a matter of law.

This is the only question stressed by counsel for defendants in their brief, and upon our consideration of the record we find no error therein which we consider prejudicial to the defendants, and the ruling of the lower court will be sustained, and cause remanded for such further proceedings as may be provided by law.

BARNES and HORNBECK, JJ, concur.

### ON APPLICATION FOR CERTIFICATION TO SUPREME COURT

Decided May 15, 1935

**By THE COURT**

The above entitled cause is now being determined on application of plaintiffs in error for certification to the Supreme Court on the claimed ground that our decision is in conflict with that of the Court of Appeals of Stark County, Ohio, in the case of **Hartford, Admr. v Wirebaugh, 31 OLR, 163.**

While it is the policy of our court to never in any way obstruct a review in the Supreme Court, yet under the provisions of the Constitution we are required to pass judicially on the claim of conflict.

We have very carefully examined the Stark County case, and in our judgment there is no conflict of any legal proposition.

It therefore follows that the application for certification must be denied.

BARNES, PJ, and HORNBECK, J, concur.